IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 15, 2002

## VIVIAN E. WARNER, ADMINISTRATRIX C.T.A. ESTATE OF MAUDE FRAZIER v. DEWEY FRAZIER, ET AL.

**Appeal from the Probate Court for Cumberland County**
**No. 13202      Steven C. Douglas, Judge**

**FILED JULY 25, 2002**

**No. E2001-02126-COA-R3-CV**

CHARLES D. SUSANO, JR., J., dissenting.

I cannot agree with the majority's decision to affirm the trial court's judgment. I believe the lower court misinterpreted Articles IV and V of Maude Frazier's will when it found that both provisions recite that Dewey Frazier would receive a one-third share of the bequest while his sisters – Maggie Olson and Mary Lou Underwood – would jointly receive a one-third share, and the testator's nieces and nephews would share a one-third portion.

As I read Article IV of the will, a more natural reading of the language is that there will be *four* shares: a share for Dewey Frazier; a share for Maggie Olson; a share for Mary Lou Underwood; and, finally, a share for "ALL of [Maude Frazier's] nieces and nephews as one family class." I find nothing in the language of Article IV to support the conclusion that Maude Frazier intended to give her brother a greater share of the Article IV bequest than that left to each of the testator's two sisters. The language of Article IV shows that the testator was aware of the "family class" concept. She used that language in referring to her nieces and nephews. If she had wanted Maggie Olson and Mary Lou Underwood to share as a "family class" – the class being her sisters – she could have said so. I think it is significant that she failed to "lump" the sisters together in a way that would indicate she wanted them to *share* in a portion of the bequest as opposed to each receiving a full share of the bequest equal to that of their male sibling.

As to Article V, I believe the language of that article – especially when compared to the language selected by the testator for the Article IV bequest – clearly indicates that the testator did not intend Article V to be divided into only four shares. As I read Article V, I believe it means that *each* individual falling within the language of that article, be they siblings of the testator or her nieces or nephews and whether they be identified specifically or in general terms, would be entitled

to an equal share of the gift described in Article V. After naming these beneficiaries, the testator inserted a comma, to separate the beneficiaries – and all of them – from the language, "equally, share and share alike." I believe this latter language applies to all of the beneficiaries. Thus, each is entitled to an equal share. This is what the language "equally, share and share alike" means to me in the context of the total language of Article V. Had the testator intended for the effect of Article V to be the same as Article IV, she could have repeated the language "as one family class" in Article V following the reference to the nieces and nephews. She did not, choosing instead to use the language of "equally, share and share alike," which, because of the comma that precedes it, would grammatically apply to all those individuals alluded to before the concluding phrase. I find that the testator intended that the proportional distribution in Article V would be different from that of Article IV.

There is another reason why Articles IV and V should not be read as contemplating the same distribution, *i.e.*, one-fourth to each of the testator's siblings and one-fourth to the nieces and nephews as a class. If this had been the testator's intent, the bequests in the two articles could have been and probably would have been merged into one single article. If the distribution of the property in Article V was to have been the same as that in Article IV, there would have been no need for two separate articles.

In reaching my judgment in this case, I agree with the majority's decision to disregard the testimony of the attorney who prepared the will as to what he thought the testator intended with respect to Articles IV and V. His "belief" is simply not admissible as relevant evidence. When this testimony is ignored, we are left only with the language of the will to guide us in the interpretation of that document.

While the majority opinion seems to agree with me with respect to Article IV, it does not agree that it should reverse the trial court's finding of three shares as opposed to four shares. Suffice it to say that I find nothing in the record or the briefs of the parties to support the majority's decision not to reverse the trial court as to the lower court's decision as to Article IV. As previously indicated, I would reverse the trial court on both articles.

I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE